SIDNEY U. SMITH, Respondent, *v.* SAMUEL C. SMITH, Appellant.

*Supreme Court, Fifth Department, General Term, June 22, 1889.*

*Principal and agent. Payment.*—A debtor does not pay his debt by furnishing the money to his agent for the purpose of paying it, if the money never comes into the hands of the creditor; and the latter is not to be a loser by a diversion of the fund.

Appeal from a judgment entered upon a verdict directed by the court.

*I. W. Near,* for appellant.

*F. H. Robinson,* for respondent.

DWIGHT, J.—The action was for money lent. The plaintiff's father, Sidney Smith, who was also the defendant's brother and more or less in his employ, collected for the plaintiff, under a special power of attorney for that purpose, the sum of $505, and, without authority of the plaintiff, lent it to the defendant as the money of the plaintiff. This was on the 1st day of June, 1886. The plaintiff subsequently ratified the transaction as a loan on call only, and the defendant recognized it as such. The next day after the loan the defendant set out for Kansas, to be absent for several weeks, and left his brother Sidney in charge of his business. Before he went he placed in his brother's hands two checks, together representing the amount of the loan, evidently to enable his brother to draw the money for the plaintiff if he should call for it while the defendant was gone. During his absence his brother borrowed money from another son, Selah, for use in the defendant's business—among other things to pay the plaintiff $100 on his loan; so that, as he wrote the defendant, he might hold the check as long as he

could which he promised to do. It serves to show how fully the plaintiff's father was acting in these matters in the interest of the defendant that, in the same letter, he asked the defendant to send him a check for the amount of Selah's loan and promised to hold that, also, for the present.

Soon after the return of the defendant, his brother presented to him a statement of the plaintiff's loan, in which he charged the latter with the $100 paid him out of Selah's money, and with thirty-two dollars, which he, the plaintiff's father, had had, for what use does not appear. The statement showed a balance due to the plaintiff, including interest, of $375.37, and for this sum the defendant gave to his brother two notes payable to the order of the latter, at bank, in thirty days, one for $300, the other $75.37.

The defendant testifies that when he went to the bank to pay the notes, he found that the smaller one "had been used." Being produced as evidence by the defendant, it appears to have been endorsed by his brother, and "paid August 9th." He testifies that he gave his check to the order of his brother to pay the larger note, and that check is produced; it bears the indorsement of the payee and is stamped "paid August 18th." There is no other evidence than this of the payment of the notes.

The plaintiff received from his father $200 in all toward the payment of his loan; the payments being severally $100, $25 and $75. For the balance of $305, with interest, the verdict in this action was directed in favor of the plaintiff.

The foregoing statement summarizes all the evidence of importance which was given in the case. At its close the defendant asked for the direction of a verdict in his favor, which was denied. He did not ask to have any questions submitted to the jury, but excepted to the refusal of the court to direct a verdict in his favor and to the direction, which was given.

The only question presented to the court below was

whether, on the facts of the case, payment to Sidney Smith was payment to the plaintiff.    That question, we think, was properly disposed of, for the obvious reason that in all the matter of procuring the loan and making payments thereon, the plaintiff's father acted as the agent of the defendant. The finding of that fact, we think, was necessitated by the evidence ; certainly there was evidence sufficient to support it, and it was not requested to be submitted to the jury. That fact being found, the plaintiff was entitled to a verdict. The defendant could not pay his debt by furnishing the money to his agent with which to pay it ; and the plaintiff is not to be a loser by a diversion of the fund.

There seems to be nothing else in the case requiring attention.

The judgment should be affirmed.

All concur.